AO 106 (Rev 04/10) Application for a Search Warrant (requesting AUSA Robert E Eckert)

# UNITED STATES DISTRICT COURT

### for the

### Eastern District of Pennsylvania

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>information associated with the cellular telephone assigned<br>call number (215) 436-3241 that is stored at premises<br>controlled by Metro PCS | )<br>)<br>)<br>)<br>)<br>) Case No. 18-1646-M |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*
  See Attachment A

located in the ___Northern___ District of ___ ___Texas___ ___, there is now concealed *(identify the person or describe the property to be seized)*:
  See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | *Offense Description* |
|---|---|
| 18 U.S.C. 1951 | Hobbs Act Robbery |

The application is based on these facts:
See attached affidavit

- ☑ Continued on the attached sheet.
- ☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: ___ ___ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Special Agent Scott Friedenreich, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: October 17, 2018

*Judge's signature*

City and state: Philadelphia, PA

The Hon. Carol Sandra Moore Wells, U.S. Mag. Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN THE MATTER OF THE SEARCH OF
INFORMATION ASSOCIATED WITH THE
CELLULAR TELEPHONE ASSIGNED
CALL NUMBER (215) 436-3241 THAT IS
STORED AT PREMISES CONTROLLED
BY Metro PCS

Magistrate No. $18-1646$

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Scott Friedenreich, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant for

information associated with a certain cellular telephone assigned call number (215) 436-3241

("the SUBJECT PHONE") that is stored at premises controlled by Metro PCS, a wireless

telephone service provider headquartered at 2250 Lakeside Boulevard, Richardson, Texas 75082.

The information to be searched is described in the following paragraphs and in Attachment A.

This affidavit is made in support of an application for a search warrant under 18 U.S.C.

§ 2703(c)(1)(A) to require Metro PCS to disclose to the government copies of the information

further described in Section I of Attachment B. Upon receipt of the information described in

Section I of Attachment B, government-authorized persons will review the information to locate

items described in Section II of Attachment B.

2.      I am a Special Agent with the Federal Bureau of Investigation (FBI) and have

been since December 2008. I am currently assigned to the Philadelphia Field Office where I

work on the Violent Crimes Task Force. I investigate crimes such as commercial robberies and

burglaries and other violations of the Hobbs Act, carjackings and other related crimes. Prior to

being assigned to the Violent Crimes Task Force, I was assigned to the Health Care Fraud Task Force for 9 years. I have written, sworn to, and executed numerous search warrant affidavits. I have directed cooperating witnesses to conduct consensual recordings and assisted other investigators in consensual recordings. I have testified in grand jury and federal trial. During the course of my investigations, I have subpoenaed and analyzed telephone toll and subscriber records and obtained historical cell site data that was used as evidence in my investigations. Prior to my employment at the FBI, I was a state of Delaware Probation and Parole Officer for approximately 6 years.

3.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.      Based on the facts set forth in this affidavit, there is probable cause to believe that violations of the Hobbs Act, 18 U.S.C. 1951 have been committed by JOHN SMITH (SMITH). There is also probable cause to search the information described in Attachment A for evidence of these crimes as further described in Attachment B.

## PROBABLE CAUSE

5.      The FBI and the Philadelphia Police Department (PPD) are investigating SMITH for a series of knifepoint robberies of commercial businesses. Based on that investigation, there is probable cause to believe SMITH committed these robberies.

6.      On July 6, 2018 at approximately 5:00 p.m., a black male wearing a gray hooded sweatshirt attempted to rob a Boost Mobile store, located at 1202 E. Hunting Park Avenue, Philadelphia, Pennsylvania. After walking past the store approximately 3 times, the individual

2

entered the business and wielded a knife. An employee of the store, C.S., immediately hit the panic alarm and told the individual he/she had done so. The individual fled the store without taking anything. Video footage of the incident was recovered and showed a black male, approximately six feet tall, 30 years of age, with a medium build and a beard wearing a gray hooded sweatshirt with "O.B.H." printed on it, tan shorts and blue and white sneakers.

7.      On July 8, 2018 at approximately 9:17 p.m., a witness, J.A., who is an employee of Royu Mini Market, 3878 Glendale Street, Philadelphia, Pennsylvania, reported that a black male entered the store, holding a knife and stated "don't move, give me the money, if you move I will stab you right now." The robber then stole $800 from the register and a carton of cigarettes and ordered the employee to the ground. Video footage of the incident showed the man with knife wearing a light colored hooded sweatshirt and blue New Balance sneakers with white trim. PPD recovered a light colored sweatshirt, dark gray sweatpants, blue sneakers, a knife and two five dollar bills from the rear alley of 3700 M Street (approximately .2 mile from Royu Mini Market.)

8.      On July 27, 2018 at approximately 9:48 p.m., a black male wearing a gray hooded sweatshirt, light colored pants, a gray hat and black and white sneakers, entered the Little Caesar's restaurant, 3668 Aramingo Avenue, Philadelphia, Pennsylvania, produced a knife and demanded that an employee, J.B., open the register. The individual removed cash from the register, stealing approximately $2,000 and fled the store.

9.      On August 2, 2018 at approximately 6:40 p.m., a black male wearing a black hooded sweatshirt, a black t-shirt with stars and "TIME TO SHINE" printed on it, gray sweatpants and a gray baseball hat, entered the Boost Mobile store, 3572 Frankford Avenue, Philadelphia, Pennsylvania, ran around the counter, produced a knife and swung it at an

3

employee, K.L.  K.L. hit the panic button and the individual fled the store.  The individual was pursued by the employees of the store who saw the individual enter a silver Hyundai Sonata that possibly had a dent and a paper temporary tag.  PPD reviewed surveillance video from a local business and observed the individual arrive in a silver Hyundai Sonata, with a paper Pennsylvania in-transit tag of 0057-467 and a New Jersey inspection sticker.  Images from the video of the Hyundai Sonata were disseminated to the PPD 24th District.

10.    On August 7, 2018 at approximately 3:21 p.m., a black male entered a Cricket Wireless store, 1300 E. Erie Avenue, Philadelphia, Pennsylvania, produced a knife, went behind the counter and told an employee, Y.P., "give me all of the money or I'll stab you."  The individual took $800 from two registers and fled the store.  Video surveillance showed the individual wearing a blue-collared pullover sweatshirt with a tag on the back of the neck, gray sweatpants, black and white Jordan sneakers and a white baseball cap with black trim on the brim and stitching.

11.    On August 7, 2018, the PPD was dispatched 1020 East Atlantic Street, Philadelphia, Pennsylvania for a vehicle parked illegally.  PPD recovered a silver 2009 Hyundai Sonata, bearing Pennsylvania tag 0057-467, vehicle identification number (VIN) 5NPEU46F19H479431.  The vehicle was towed by PPD.

12.    PPD conducted a records check of the vehicle referenced in paragraphs 9 and 11 and found it had been sold to V.D. and S.F.  PPD learned that S.F. had been robbed of this vehicle on July 15, 2018 while delivering pizza.

13.    On August 8, 2018, PPD executed a search warrant on the vehicle.  PPD · recovered a blue collared Polo pullover shirt with a tag on the back, black and white Jordan Nike sneakers with red "23" on the heels and a 4 inch filet knife.  As referenced in paragraph 10, this

4

clothing is identical to the clothing worn by the robber of the Cricket Wireless store on August 7,

2018. PPD also recovered a paper receipt with handwritten information dated July 27, 2018

stating "Karl Smith, 8053 Fayette St. Phila, PA 19150" and a telephone number 215-436-3241

(SUBJECT PHONE). Through a database check, I determined that 215-436-3241 is a Metro

PCS phone number. Through a database check, PPD determined that SMITH was released from

the Curran-Fromhold Correctional Facility on July 3, 2018 and is the same approximate height

and weight as the individual committing the knifepoint robberies as described by the victims of

the those robberies.

## VICTIM IDENTIFICATIONS OF SMITH

14.     On August 9, 2018, PPD showed a photo array of six males, including SMITH to

Y.P. (the employee of the Cricket Wireless store referenced in paragraph 10.) Y.P. identified

SMITH as the individual who committed the robbery stating "that's him, I'm sure."

15.     On August 9, 2018, PPD showed a photo array of six males, including SMITH to

J.A. (the employee of the Royu Mini Market referenced in paragraph 7.) J.A. identified SMITH

as the individual who committed the robbery stating "this is him, he had a hood on at the time."

16.     On August 9, 2018, PPD showed a photo array of six males including SMITH to

K.L. (the employee of the Boost Mobile store referenced in paragraph 9.) K.L. identified

SMITH as the individual who committed the robbery stating "he looks like the guy." When

asked by PPD if he/she was confident, K.L. stated "out of all of the them he looks like the guy.

When I looked at him, my whole body just tingled."

17.     On August 9, 2018, PPD showed a photo array of six males including SMITH to

C.S. (the employee of the Boost Mobile store referenced in paragraph 6.) C.S. identified SMITH

as the person who attempted to rob the store stating "that looks exactly like him."

5

18.     On August 9, 2018, PPD showed a photo array of six males including SMITH to J.B. (the employee of the Little Caesar's referenced in paragraph 8.)  J.B. identified SMITH as the person who robbed the restaurant stating "I recognize his nose, lips and eyes."

19.     In my training and experience, I have learned that Metro PCS is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

20.     Based on my training and experience, I know that Metro PCS can collect cell-site data about the SUBJECT PHONE. I also know that wireless providers such as Metro PCS typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes.

21.     Based on my training and experience, I know that wireless providers such as Metro PCS typically collect and retain information about their subscribers in their normal course

6

of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as Metro PCS typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the location of the SUBJECT PHONE during the offenses described in this affidavit, the SUBJECT PHONE's user or users and may assist in the identification of co-conspirators and/or victims.

22.     On August 24, 2018, SMITH was arrested by PPD officers who recognized him and were aware of a warrant for his arrest for the robberies described in this affidavit. SMITH fled on foot and was apprehended after a pursuit. Further, when SMITH was arrested, officers recovered the SUBJECT PHONE from his person. PPD turned this phone over to the FBI on 09/13/2018. Accordingly, your affiant believes it was likely that SMITH was in possession of the SUBJECT PHONE when he committed the robberies described in this affidavit. If the SUBJECT PHONE was in SMITH's possession during the robberies and was used by SMITH, it would have communicated with the towers as described in Paragraph 19 of this affidavit.

## AUTHORIZATION REQUEST

23.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

24.     I further request that the Court direct Metro PCS to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or

7

control. Because the warrant will be served on Metro PCS who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

25.     Under 18 U.S.C. §§ 2703(b)(1)(A) and 2703(c)(3), the government does not have to notify the subscriber when it obtains a search warrant. When the government is not required to give notice to the subscriber, 18 U.S.C. § 2705(b) allows the government to seek an order precluding the provider from giving notice to the subscriber.

26.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by giving targets an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

27.     This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. See 18 U.S.C. § 2703(a). Specifically, the Court is a "district court of the United States (including any magistrate judge) that has jurisdiction over the offense being investigated." See 18 U.S.C. § 2711(3)(A)(i).

8

Respectfully submitted,

Scott Friedenreich
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on October _____, 2018 ____

The Honorable Carol Sandra Moore Wells
UNITED STATES MAGISTRATE JUDGE

9

## ATTACHMENT A

### Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number (215) 436-3241, that are stored at premises controlled by Metro PCS ("the Provider"), headquartered at 2250 Lakeside Boulevard, Richardson, Texas 75082.

## ATTACHMENT B

### Particular Things to be Seized

**I.     Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted, but is still available to the Provider, or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

     a.  All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, for the time period July 6, 2018 to the present including:

          i.  the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records)), e-mail addresses, and IP addresses); and

          ii.  information regarding the cell towers and sectors, including physical location, through which the communications were sent and received.

**II.     Information to be Seized by the Government**

All information described above in Section I that constitutes evidence of violations of 18 U.S.C. 1951 involving JOHN SMITH during the period July 6, 2018 to the present.

2

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, ___ ___ __ _ _____ __ _____ __ ____, attest, under penalties of perjury by the laws
<em>Name</em>

of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in

this certification is true and correct. I am employed by ___ __ ____ ___ __ ___ ____ __ .
<em>Entity</em>

(hereinafter "the entity"), and my title is ___ ___ __ ___ ___ _ ___ ___. I am qualified
<em>Title</em>

to authenticate the records attached hereto because I am familiar with how the records were

created, managed, stored, and retrieved. I state that the records attached hereto are true

duplicates of the original records in the custody of the provider. The attached records consist of

__ ___ _____ __ _____ __ ___ ___ __ _____ __ ____ ____ . I further state that:
<em>Generally describe records (pages/CDs or DVDs/megabytes)</em>

      a.     all records attached to this certificate were made at or near the time of the

occurrence of the matter set forth by, or from information transmitted by, a person with

knowledge of those matters, they were kept in the ordinary course of the regularly conducted

business activity of the entity, and they were made by the entity as a regular practice; and

b.      such records were generated by the entity's electronic process or system that produces an accurate result; and

c.      the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of the entity in a manner to ensure that they are true duplicates of the original records.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____          _____

Date                                            Signature